IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| LAKISHA SMITH | ) |
| | ) |
| v. | ) Case No. 3:24-cv-01362 |
| | ) |
| WESTERN EXPRESS | ) |

**TO:** Honorable William L. Campbell, Jr., Chief United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum and Order entered July 25, 2025 (Docket Entry No. 6), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings.

Lakisha Smith ("Plaintiff"), a Missouri resident, filed this *pro se* and *in forma pauperis* lawsuit on November 18, 2024, against Western Express, her former employer. *See* Complaint (Docket Entry No. 1). Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 based on allegations of gender discrimination and retaliation. (*Id.*)

Upon initial review of the lawsuit under 28 U.S.C. § 1915(e)(2), the Court granted Plaintiff *in forma pauperis* status, found that Plaintiff stated an arguable legal claim, and directed the Clerk send Plaintiff a service packet for Defendant. (Docket Entry No. 6.) Plaintiff was required to return the completed service packet within 30 days from entry of the Court's Order so that process could issue in the case. (*Id*. at 4.)

The Clerk mailed a copy of the initial screening order and a blank service packet to Plaintiff at the address she provided, but the mailing was returned undelivered with a notation "return to sender, insufficient address, unable to forward." (Docket Entry No. 7.) The Court has no other

address for Plaintiff. The Court further notes that Plaintiff has had no contact with the Court since the initial filing of her complaint.

It is well-settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return a completed service packet, failure to provide a good mailing address, and failure to stay engaged after filing the complaint sufficiently demonstrate a clear record of delay and failure to prosecute by Plaintiff to warrant dismissal. The case simply cannot proceed with an absent plaintiff who has lost interest in this lawsuit. Although the Court recognizes that Plaintiff's status as a *pro se* litigant affords her with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge